T.C. Memo. 2009-28

UNITED STATES TAX COURT

BRADFORD M. DANIEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4968-07L.              Filed February 9, 2009.

<u>Martin J. Nash</u> and <u>Michael B. Axman</u>, for petitioner.

<u>Nancy L. Karsh</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motion for remand to respondent's Appeals Office and on
petitioner's motion for partial summary judgment.

Because petitioner does not object to respondent's motion
for remand, respondent's motion for remand to respondent's

Appeals Office (on the issue as to whether petitioner's offer-in-compromise (OIC) should be accepted on the ground of doubt as to collectibility) will be granted. We are left, however, with the question raised in petitioner's motion for partial summary judgment to which respondent objects (whether on remand to respondent's Appeals Office petitioner's OIC also should be considered on the basis of doubt as to liability).

Unless otherwise noted, all section references are to the Internal Revenue Code.

## Background

Petitioner resided in Florida at the time the petition was filed.

On petitioner's 1998 individual Federal income tax return, petitioner reported the sale of a flower business and a $266,085 Federal income tax liability relating thereto. With the filing of the return, however, petitioner paid only $6,000. Respondent assessed the $266,085 reported tax liability; and after no additional payments were received from petitioner, respondent filed a Federal tax lien against petitioner relating to the outstanding $260,085 balance in petitioner's 1998 Federal income taxes.

On December 17, 2004, respondent notified petitioner of the Federal tax lien filing and of his right to request a collection

Appeals Office hearing under section 6320. Petitioner, however, anxious for relief from respondent's lien filing, on February 22, 2005, requested a withdrawal of respondent's tax lien filing under respondent's general Collection Appeals Program (CAP) and section 6323(j), not under the collection due process (CDP) provisions of section 6320.

Petitioner proceeded with the CAP appeal; and upon denial by respondent's Office of Compliance Services of the requested withdrawal of respondent's lien filing, petitioner appealed the decision to respondent's Office of Technical Services (Technical Services). Technical Services sustained the denial of the requested lien withdrawal, and petitioner appealed that decision under CAP to respondent's Appeals Office. After review, respondent's Appeals Office handling the CAP appeal sustained the denial of the requested lien withdrawal.

On April 28, 2005, respondent also issued to petitioner a notice of proposed levy action relating to petitioner's $260,085 outstanding 1998 Federal income taxes. Petitioner challenged respondent's proposed levy by filing with respondent's Appeals Office a CDP appeal under section 6330.

Also on April 28, 2005, petitioner separately submitted to respondent's OIC office an OIC relating to his $260,085

outstanding 1998 Federal income taxes based on doubt as to both liability and collectibility.[1]

Upon learning of petitioner's pending CDP appeal and without acting on petitioner's OIC, respondent's OIC office forwarded petitioner's OIC to respondent's Appeals Office for consideration in connection with petitioner's CDP appeal.

On November 7, 2006, petitioner's section 6330 CDP hearing with respondent's Appeals Office was held. At the hearing respondent's Appeals officer refused to consider the correctness of petitioner's underlying 1998 Federal income tax liability on the ground that petitioner already had two prior opportunities to challenge that underlying tax liability (first, in a section 6320 CDP hearing relating to the tax lien filing and second, in the CAP proceeding.)[2] Also, in the section 6330 CDP hearing, respondent's Appeals officer did not consider petitioner's OIC. Petitioner's OIC remains outstanding.

On January 30, 2007, respondent's Appeals Office issued a notice of determination sustaining respondent's proposed levy.

On March 2, 2007, petitioner filed this action.

---

[1]Under petitioner's OIC, petitioner offered to pay respondent a total of $55,000--$30,000 within 90 days, and $500 monthly thereafter for 50 months.

[2]Respondent now acknowledges that petitioner's CAP appeal under sec. 6323(j) did not constitute a prior opportunity to litigate the underlying tax liability for purposes of sec. 6330(c)(2)(B).

On July 2, 2007, respondent filed the instant motion for remand, and petitioner filed the instant motion for partial summary judgment.

The above motions were calendared for hearing on February 13, 2008, in Tampa, Florida.  At the hearing the parties agreed to put the motions on hold until after petitioner provided to respondent for audit reconsideration documentation that might substantiate petitioner's entitlement to claimed net operating loss carrybacks that might significantly reduce or eliminate petitioner's outstanding 1998 Federal income tax liability.  This audit reconsideration was to take place separate and apart from the instant CDP collection case and with the understanding that the instant CDP case would be held in abeyance pending the review.

Over the course of the next 8 months the parties negotiated and sought to settle this case, each making settlement offers but without success.  Since early fall of 2008, in part because of an illness of petitioner's lead counsel no further progress has been made in this case, and the parties now ask this Court to act on the pending motions.

## Discussion

As indicated, petitioner does not object to respondent's motion for remand of this case to respondent's Appeals Office for purposes of considering petitioner's OIC on the ground of doubt

as to collectibility. Respondent's motion for remand will be granted.

Petitioner, however, moves for partial summary judgment, seeking an order that respondent's Appeals Office on remand consider petitioner's OIC on the basis of doubt as to liability.

Petitioner focuses on section 6330(c)(4) and emphasizes that under that section a taxpayer is precluded from raising an issue in a section 6330 proceeding only if the same issue was raised in a prior CDP proceeding or in some other administrative or judicial proceeding in which the taxpayer materially participated. Because he did not file an appeal under section 6320 of respondent's December 17, 2004, notice of Federal tax lien filing, petitioner obviously did not materially participate in any such proceeding; and petitioner contends that he now should be allowed to challenge his $266,085 1998 underlying Federal income tax liability in the instant section 6330 CDP hearing.

Petitioner also asks that section 301.6330-1(e)(3), Q&A-E7, Proced. & Admin. Regs., be invalidated in that it supports respondent's reading of section 6330(c)(2)(B) and (4).

On brief, petitioner states--

> All levies are preceded by an assessment and a notice of lien. An interpretation which would require a section 6320 * * * [CDP Appeal] to be filed in order to raise the issue of the underlying tax liability would render section 6330(c)(2)(B) superfluous as it applies to section 6330 and conflict with section 6330(c)(4).

Petitioner's statement is erroneous on a number of points. First, not all tax assessments are followed by tax lien filings, not all levies are preceded by filed tax liens, and respondent may issue a notice of proposed levy without filing a notice of tax lien. A statutory lien arises upon assessment and subjects a taxpayer's property to the Federal tax lien. Sec. 6322. This occurs before a notice of Federal tax lien is filed or a notice of proposed levy is ever issued. Sec. 6321. Because the lien is already in place, a notice of intent to levy may be issued before a notice of tax lien is filed and regardless of whether a notice of tax lien is ever filed.

Second, the two statutory provisions in question address different types of issues. Section 6330(c)(2)(B) addresses only the issue as to the underlying tax liability and is triggered whenever a taxpayer had a prior opportunity to challenge same, whether the taxpayer did so or not. Section 6330(c)(4) addresses any other issue that is raised in a section 6320 or 6330 proceeding and is triggered only when the issue was considered and decided in a prior administrative or judicial proceeding and when the taxpayer materially participated in the prior proceeding.

Respondent's reading of section 6330(c)(2)(B) does not render superfluous section 6330(c)(4), and respondent's reading and application of the language of section 6330(c)(2)(B) does not conflict with the language of section 6330(c)(4).

Section 301.6330-1(e)(3), Q&A-E7, Proced. & Admin. Regs., reflects the same interpretation and application that we adopt of the statutory provisions before us.[3]  The regulation provides a reasonable interpretation of the statute and is valid.  See Inv. Research Associates, Inc. v. Commissioner, 126 T.C. 183 (2006); see also Lewis v. Commissioner, 128 T.C. 48 (2007); Bell v. Commissioner, 126 T.C. 356 (2006).

As respondent on brief explains with regard to section 6330(c)(2)(B)--

> Requiring taxpayers to challenge an underlying liability with the first notice filed also promotes early, efficient, and complete resolution of legitimate disputes between the IRS and taxpayers concerning the validity of the federal tax lien.  Such disputes are best resolved at the earliest stages of the collection

---

[3]Sec. 301.6330-1(e)(3), Q&A-E7, Proced. & Admin. Regs., states as follows:

> Q-E7.  What issues may a taxpayer raise in a CDP hearing under section 6330 if the taxpayer previously received a notice under section 6320 with respect to the same tax and tax period and did not request a CDP hearing with respect to that notice?

> A-E7.  The taxpayer may raise appropriate spousal defenses, challenges to the appropriateness of the proposed collection action, and offers of collection alternatives.  The existence or amount of the tax liability for the tax for the tax period specified in the CDP Notice may be challenged only if the taxpayer did not already have an opportunity to dispute that tax liability.  Where the taxpayer previously received a CDP Notice under section 6320 with respect to the same tax and tax period and did not request a CDP hearing with respect to that earlier CDP Notice, the taxpayer already had an opportunity to dispute the existence or amount of the underlying tax liability.

process, because the agency and taxpayer records upon which resolution of disputes turns will be most contemporaneous and complete at the time of the first issuance of a notice.

Because petitioner could have filed an appeal of respondent's December 17, 2004, notice of tax lien filing and therein challenged his underlying 1998 Federal income tax liability, respondent's Appeals Office properly refused to allow petitioner to challenge his 1998 Federal income tax liability in the subsequent CDP appeal relating to respondent's notice of proposed levy.  See <u>Baltic v. Commissioner</u>, 129 T.C. 178 (2007).

<u>Appropriate orders will be issued</u>.