# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———

No. 09-3096

———

Hassel Family Chiropractic, DC, PC,   *
                                      *
          Petitioner - Appellant,     *
                                      *   Appeal from the United States
     v.                               *   Tax Court.
                                      *
Commissioner of Internal Revenue,     *   [UNPUBLISHED]
                                      *
          Respondent - Appellee.      *

———

Submitted: March 8, 2010
Filed: March 12, 2010

———

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

———

PER CURIAM.

        Hassel Family Chiropractic, DC, PC (Hassel) petitioned in the United States Tax Court for review of an assessment by the Internal Revenue Service Appeals Office regarding Hassel's 2002 and 2003 tax liability.  The Tax Court[1] granted summary judgment to the Commissioner of Internal Revenue (Commissioner) after it determined Hassel had exhausted its appeals as to the underlying tax liabilities. U.S.C. § 6330(c)(2)(B).  Hassel now appeals the adverse grant of summary

_____

   [1]The Honorable Carolyn P. Chiechi, United States Tax Court Judge.

judgment.  After de novo review of the record, we affirm.  Cox v. Comm'r, 121 F.3d 390, 391 (8th Cir. 1997) (standard of review).

Taxpayers who disagree with an assessment of unpaid taxes by the Commissioner are afforded the means to challenge such an assessment.  The Internal Revenue Code grants a taxpayer the right to a hearing to raise any relevant challenges and issues relating to the unpaid taxes, but restricts a taxpayer to only one such hearing per taxable period being challenged.  U.S.C. § 6330(a)(3)(B), (b)(2), (c)(2)(A).  Consequently a taxpayer may challenge the underlying tax liability only if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  U.S.C. § 6330(c)(2)(B); Lewis v. Comm'r, 128 T.C. 48, 48-49 (2007).

Hassel held a conference on February 26, 2007 with an Internal Revenue Service appeals officer regarding its 2002 and 2003 tax liability.  That conference satisfies the "opportunity to dispute" clause of § 6330(c)(2)(B) and precluded Hassel from challenging that liability in the Tax Court.  Treas. Reg. § 301.6330-1(e)(3) ("An opportunity to dispute the underlying liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability.").  We also find no merit to Hassel's argument that the Commissioner violated the duty of consistency or the Due Process Clause.

Accordingly, we affirm the Tax Court's decision.

_____