T.C. Memo. 2017-89

UNITED STATES TAX COURT

CHESTER GEORGE DURDA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1066-16L.                              Filed May 24, 2017.

Chester George Durda, pro se.

<u>Brandon A. Keim</u>, <u>Doreen Marie Susi</u>, and <u>Rachael J. Zepeda</u> for
respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1) of the determination by

the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice

**[\*2]** of Federal tax lien (NFTL).[1]  Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law.  We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavit and exhibits.  Petitioner resided in Arizona when he filed his petition.

Petitioner is a gun dealer with a history of noncompliance with his Federal tax obligations.  During 2009-2011 he did business through a sole proprietorship called Lancaster Consulting, which manufactured and sold semiautomatic weapons and related parts.  Petitioner paid wages to numerous employees and contractors during this period.  However, he did not withhold and deposit the required Federal employment taxes; he did not file the required Federal employment tax returns; and he did not furnish his contractors with required Forms 1099-MISC, Miscellaneous Income.

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[\*3]** The IRS looked into petitioner's employment tax liabilities for 2009-2011. It determined the amounts of his liabilities; prepared a substitute for return (SFR) for each period and type of tax; and determined additions to tax under section 6651(a)(1) and (2) (for failure to timely file and pay, respectively) and a penalty under section 6656 (for failure to deposit taxes). In May 2013 the IRS sent petitioner a letter accompanied by the SFRs, explaining that he could challenge the proposed liabilities by filing a written protest followed by a conference with the IRS Appeals Office.

Petitioner filed a timely protest in June 2013. The Appeals Office worked with him for more than a year in an effort to achieve a resolution; it concluded in November 2014 that no agreement could be reached. The Appeals Office accordingly informed petitioner that his 2009-2011 employment tax liabilities, including additions to tax and penalty, would be assessed. The IRS duly assessed those liabilities, in the amount of $102,445, in December 2014.

In an effort to collect these unpaid liabilities, the IRS filed an NFTL and timely issued petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing. Petitioner timely requested a CDP hearing, indicating that he could not pay the outstanding balance and requesting withdrawal of the NFTL.

**[\*4]** The case was assigned to a settlement officer (SO) in Phoenix, Arizona, who scheduled a face-to-face hearing with petitioner on November 3, 2015.

At the hearing the SO explained to petitioner that his account had already been placed in "currently not collectible" (CNC) status because of his financial difficulties. The SO rejected his request that the NFTL be withdrawn, concluding that it should remain in place to protect the Government's interest. Petitioner requested audit reconsideration of the employment tax liabilities; he asserted that he had issued Forms 1099-MISC to some contractors and asked for additional time to retrieve copies of these documents. The SO set a deadline of November 20 for petitioner to supply any documents that he believed relevant to a request for audit reconsideration.

Petitioner did not supply any documents by the SO's deadline. On December 1 petitioner informed the SO that he would discuss his options with an attorney and call the SO back on December 7. Having received no communication from petitioner by December 15, the SO on that date closed the case and issued a notice of determination sustaining the NFTL filing.

Petitioner timely petitioned this Court for review. On February 10, 2017, respondent filed a motion for summary judgment and later supplemented that motion. Petitioner responded to the motion as supplemented on March 28, 2017.

**[\*5]**                                          <u>Discussion</u>

A.     <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid cost-ly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be ren-dered as a matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Ibid.</u>  However, the nonmoving par-ty may not rest upon the mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Petitioner in responding to the summary judgment motion alleged no dis-pute as to any material fact.  We find that no material facts are in dispute and that this case is appropriate for summary adjudication.

B.     <u>Standard of Review</u>

Although neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative

[*6] determination in a CDP case, our case law tells us what standard to adopt. Where the validity of a taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the IRS decision for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). In determining whether the taxpayer had a prior opportunity to dispute his liability, the regulations distinguish between liabilities that are subject to deficiency procedures and those that are not. Employment tax liabilities are not subject to deficiency procedures. See, e.g., Leyshon v. Commissioner, T.C. Memo. 2015-104, 109 T.C.M. (CCH) 1535, 1538, aff'd, 649 F. App'x 299 (4th Cir. 2016). With respect to such liabilities, the regulations provide that "[a]n opportunity to dispute the underlying liability includes a prior opportunity

**[\*7]** for a conference with Appeals that was offered either before or after the assessment of the liability." Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.[2]

Petitioner had a prior opportunity to dispute his employment tax liabilities with the IRS Appeals Office, and he took advantage of that opportunity by filing a written protest in June 2013. He participated in multiple conferences with Appeals, which attempted unsuccessfully to reach a resolution with him. Because petitioner disputed in a prior Appeals Office hearing the same tax liabilities that are in question here, section 6330(c)(2)(B) barred him from contesting those lia-

---

[2]Courts, including ours, have repeatedly sustained the validity of this regulation even though the taxpayer (as here) had no right to judicial review of the prior Appeals Office determination. See Our Country Home Enters., Inc. v. Commissioner, __ F. 3d __, 2017 WL 1679402, at \*10 (7th Cir. May 3, 2017) (concluding that the regulation "reasonably interprets § 6330(c)(2)(B)'s 'opportunity to dispute' language to include prior conferences with the Appeals Office, excluding conferences prior to the IRS's assessment of a tax subject to deficiency procedures"); Keller Tank Servs. II, Inc. v. Commissioner, __ F.3d __, 2017 WL 1424973, at \*15-\*17 (10th Cir. Apr. 20, 2017); Iames v. Commissioner, 850 F.3d 160, 165 (4th Cir. 2017) (finding the regulation to be a "straightforward interpretation of [s]ection 6330(c)(2)(B)"); Hassell Family Chiropractic, DC, PC v. Commissioner, 368 F. App'x 695, 696 (8th Cir. 2010), aff'g T.C. Memo. 2009-127; Lewis v. Commissioner, 128 T.C. 48, 60-61 (2007); Bitter v. Commissioner, T.C. Memo. 2017-46, at \*11; Mangum v. Commissioner, T.C. Memo. 2016-24, 111 T.C.M. (CCH) 1099, 1102 (declining to reconsider Lewis).

[*8] bilities during the CDP process. We accordingly review the SO's action for abuse of discretion only.[3]

### C. Analysis

The only question is whether the IRS properly sustained the NFTL filing to facilitate collection of petitioner's unpaid 2009-2011 employment tax liabilities. We review the record to determine whether the SO: (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioner raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes

---

[3]During the CDP hearing the SO expressed willingness to entertain a request for audit reconsideration and set a deadline for petitioner's submission of relevant documents. A grant of audit reconsideration is discretionary and any audit is conducted outside the CDP process; a settlement officer's determination on this point is usually not subject to judicial review. See Jones v. Commissioner, T.C. Memo. 2007-142 (holding that the IRS did not abuse its discretion by declining to wait for the results of a request for audit reconsideration before issuing notices of determination sustaining a proposed levy and NFTL). See generally Tucker v. Commissioner, 135 T.C. 114, 148 (2010) (concluding that the IRS' authority to conduct an audit reconsideration "is grounded in section 6404(a)," governing abatement of tax, and "is not precluded by a prior CDP determination"), aff'd, 676 F.3d 1129 (D.C. Cir. 2012); Daniel v. Commissioner, T.C. Memo. 2009-28, 97 T.C.M. (CCH) 1120, 1121 (describing audit reconsideration as a proceeding "separate and apart from the instant CDP collection case"). In any event, petitioner did not qualify for audit reconsideration because he did not submit any documents by the SO's deadline or during the ensuing three weeks.

**[*9]** with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

Our review of the record establishes that the SO properly verified that the tax liabilities in question had been properly assessed and that all requirements of applicable law and administrative procedure had been satisfied.[4] The SO informed petitioner that his account had been placed into CNC status, so that the IRS would forbear from active collection efforts unless his financial situation improved. However, the SO rejected petitioner's request that the NFTL be withdrawn, concluding that it was necessary to protect the Government's interest while petitioner remained in CNC status.

---

[4]Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives written supervisory approval. This provision does not apply to "any addition to tax under section 6651, 6654, or 6655." Sec. 6751(b)(2)(A). The SO therefore was not required to verify that the additions to tax assessed against petitioner under sections 6651(a)(1) and (2), for failure to file employment tax returns and failure to pay employment taxes, respectively, had been approved by a supervisor. Section 6656, although included in a subchapter captioned "Additions to the Tax and Additional Amounts," provides that if a person fails to deposit the required taxes, "there shall be imposed upon such person a penalty" in a specified amount. The record includes an IRS penalty approval form, signed by the examining agent's supervisor, approving imposition of the section 6656 penalty for failure to deposit taxes. To the extent that the supervisory-approval requirement of section 6751(b)(1) applies to the section 6656 penalty assessed against petitioner, we conclude that the IRS satisfied it.

**[*10]** Section 6323(j) authorizes the Secretary to withdraw an NFTL filing if he determines that: (1) the filing was erroneous; (2) the taxpayer has entered into an installment agreement that renders the NFTL unnecessary; (3) withdrawal of the NFTL "will facilitate the collection of the tax liability"; or (4) withdrawal of the NFTL "would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States." The SO correctly determined that the first, second, and fourth justifications for withdrawal have no application here.

As to the third possible justification, petitioner represented that he had terminated his business activities and was living on Social Security. Since petitioner's tax liabilities had been determined to be "currently not collectible," the SO reasonably decided that withdrawal of the NFTL would not "facilitate collection" of those liabilities and that maintenance of the NFTL was necessary to protect the Government's interest. "[N]othing in section 6320 or 6330 prohibits the filing of an NFTL, even while a taxpayer's account is considered to be in CNC status." Shenk v. Commissioner, T.C. Memo. 2015-193, 110 T.C.M. (CCH) 332, 333; see Kyereme v. Commissioner, T.C. Memo. 2012-174, 103 T.C.M. (CCH) 1929, 1932-1933 (sustaining an NFTL filed against a taxpayer in CNC status as appropriate to balance the interests of the Government and the taxpayer).

**[*11]**  Although petitioner indicated his desire to have the NFTL withdrawn, he did not provide the SO with any financial or other information that would justify granting his request.  Because NFTL withdrawal is a collection alternative, see sec. 301.6320-1(e)(3), Q&A-E6, Proced. & Admin. Regs., petitioner was required to provide the SO with relevant information for him to consider in determining whether withdrawal of the NFTL might be warranted.  Petitioner did not do so. He "therefore did not properly raise the issue before the Appeals Office or this Court." LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 39 (2016), aff'd, __ F. App'x __, 2017 WL 1325249 (10th Cir. Apr. 11, 2017).  Finding that the SO did not abuse his discretion in this or any other respect, we will grant respondent's motion for summary judgment and sustain the collection action upholding the NFTL filing.

To reflect the foregoing,

An appropriate order and decision will be entered.