T.C. Memo. 2021-144

UNITED STATES TAX COURT

A. ASTERINO STARCHER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12356-20L.                           Filed December 30, 2021.

A. Asterino Starcher, pro se.

Stephen O. Abanise, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, Judge: In this collection due process (CDP) case petitioner seeks

review pursuant to section 6330(d)(1) of the determination by the Internal Revenue

Service (IRS or respondent) to uphold the filing of a Notice of Intent to Levy (levy

[*2] notice) as to petitioner's 2014 tax year.[1]  The issues for decision are (1) whether petitioner can dispute her underlying liability and (2) whether the settlement officer (SO) abused his discretion in upholding the levy notice.  Finding that petitioner is not entitled to dispute her underlying liability and that the SO did not abuse his discretion, we will enter decision in respondent's favor.

FINDINGS OF FACT

The following facts are based on the parties' pleadings and the administrative record, which was introduced into evidence at trial.  Petitioner resided in California when she timely filed her petition.

Petitioner did not file a Federal income tax return for 2014, so the IRS prepared a substitute for return (SFR) for her.  See sec. 6020(b).  On the basis of the SFR, on April 22, 2019, the IRS sent petitioner a notice of deficiency.  That notice determined for 2014 a tax liability of $24,329 plus additions to tax totaling $5,596.  See secs. 6651(a)(1) and (2), 6654(a).  Petitioner did not petition this Court for redetermination within the prescribed time limit, see sec. 6213(a), and the IRS thereafter assessed these amounts.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code) in effect at all relevant times.  We round monetary amounts to the nearest dollar.

**[\*3]** On July 29, 2019, in an effort to collect these liabilities, the IRS sent petitioner a levy notice.[2] She timely requested a CDP hearing, indicating interest in a collection alternative by checking the box "I Cannot Pay Balance." She added: "I need to file 2014 taxes/reasonable expenses exceeding income."

On May 29, 2020, the case was assigned to an SO in the IRS Appeals Office (Appeals) in Greensboro, North Carolina. On June 11, 2020, the SO sent petitioner a letter scheduling a telephone conference for July 14, 2020, noting that this would be her main opportunity to explain why she disagreed with the collection action and to discuss collection alternatives. If petitioner desired a collection alternative, she was instructed to supply a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, together with supporting financial information. She submitted no documentation to the SO before the hearing.

On July 14, 2020, petitioner joined the telephone conference as scheduled. She stated that she wished to submit a delinquent return for 2014 that would replace the SFR and reduce her tax liability. The SO explained that she could not

---

[2] The IRS had posted several credits to petitioner's 2014 account balance by July 29, 2019, so the levy notice covered a total liability of only $20,879. As of March 2021 petitioner's liability for 2014 was $15,739.

[*4] dispute her underlying liability at the CDP hearing because she had failed to petition this Court in response to the notice of deficiency that the IRS sent her on April 22, 2019. Petitioner confirmed that she had received the notice of deficiency. The SO nevertheless offered to look at a proposed 2014 return if submitted to him by August 7, 2020. He reminded petitioner that she needed to supply financial information by the same date if she desired consideration of a collection alternative.

Petitioner did not submit anything to the SO by August 7, 2020. Petitioner and her husband called the SO on August 12, 13, and 14 to request more time to submit a 2014 return. The SO attempted to return their calls several times but was unable to reach them. On August 19, 2020, the SO decided to close petitioner's case; on September 15, 2020, the IRS issued her a notice of determination sustaining the levy notice. The SO never received any financial information necessary for considering a collection alternative. He did receive from petitioner, on September 3, 2020, a delinquent 2014 tax return, which he forwarded to a different IRS office.

Petitioner timely petitioned this Court for review. In her petition she contended that the SO should have accepted her delinquent 2014 return for filing and reduced her tax liability accordingly. She did not argue that she is entitled to any

[*5] collection alternative or raise any other issues. On October 7, 2021, we tried the case during the Court's Los Angeles, California, remote trial session.

OPINION

I.     Standard of Review

Although section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case, the general parameters of such review are marked out by our precedents. Where the validity or extent of the taxpayer's underlying liability was properly at issue in the CDP hearing, we review the Commissioner's determination as to that issue de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability was not properly at issue, we review the SO's action for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner's underlying tax liability was not properly at issue before the SO. A taxpayer may challenge her underlying liability at a CDP hearing only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute" it. Sec. 6330(c)(2)(B). Petitioner does not deny that she received a notice of deficiency for 2014.

**[\*6]** Petitioner notes that the SO offered to let her submit a delinquent return for 2014. Why, she asks, would the SO have done this if he was unable to address her tax liability for that year? The record does not clearly establish the SO's reasoning; one possibility is that he was considering whether petitioner's 2014 tax year could be submitted for audit reconsideration.[3] But the SO's thinking on this point is not important to our analysis. The only question of legal relevance is whether petitioner had a previous opportunity to challenge her 2014 liability.

Petitioner had such an opportunity when the IRS mailed her a notice of deficiency for 2014, which she admits having received. The Code does not permit an SO or this Court to consider an underlying liability challenge if the taxpayer previously received a notice of deficiency for the same year. See sec. 6330(c)(2)(B). Even if the SO had addressed petitioner's underlying liability, his consideration would not have revived a precluded issue. See Behling v. Commissioner, 118 T.C. 572, 579 (2002); sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs. ("Any determination * * * made by the Appeals officer with respect to * * * a precluded issue shall not be treated as part of the Notice of Determination * * * and will not

---

[3] A grant of audit reconsideration is discretionary with the IRS, and any such reconsideration is conducted outside the CDP procedure. See Durda v. Commissioner, T.C. Memo. 2017-89, 113 T.C.M. (CCH) 1420, 1422 n.3.

**[\*7]** be subject to any judicial review.").  We thus review the SO's action for abuse of discretion only.

II.     Scope of Review

Absent an agreement to the contrary, our decision in this case is appealable to the U.S. Court of Appeals for the Ninth Circuit.  See sec. 7482(b)(1).  That court has held that, where de novo review is not applicable, the scope of review in CDP cases is confined to the administrative record.  See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases.  Accordingly, in a case such as this, our review is limited to deciding whether the agency action is supported by the administrative record and is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Belair v. Commissioner, 157 T.C. 10, 17 (2021) (quoting Van Bemmelen v. Commissioner, 155 T.C. 64, 79 (2020)).  The administrative record of the CDP hearing was introduced into evidence at trial. See Coastal Luxury Mgmt. v. Commissioner, T.C. Memo. 2019-43, 117 T.C.M. (CCH) 1235, 1236.

III.    Abuse of Discretion

In deciding whether the SO abused his discretion in sustaining the proposed collection action, we consider whether he:  (1) properly verified that the require-

[*8] ments of any applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised; and (3) determined "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). After reviewing the record, we conclude that the SO properly discharged all of his responsibilities under section 6330(c).

As discussed above, petitioner was not entitled to challenge her underlying liability at the CDP hearing, so the SO's unwillingness to accept a delinquent 2014 return for filing was not an abuse of discretion. Although petitioner initially expressed interest in a collection alternative, she never made a specific proposal and did not submit any of the requisite financial information. It is not an abuse of discretion for an SO to sustain a collection action where the taxpayer has proposed no alternative. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); see also sec. 301.7122-1(d)(1), Proced. & Admin. Regs. (requiring that offers to compromise a tax liability must be made in writing and include all the information prescribed or requested by the IRS).

**[*9]** Because petitioner is not entitled to challenge in this case her underlying tax liability for 2014,[4] and because we find that the SO did not abuse his discretion, we will sustain the collection action.

To reflect the foregoing,

An appropriate decision will be entered.

---

[4] Petitioner is free to dispute her underlying liability for 2014 by paying the tax, filing a claim for refund, and filing a refund suit if the IRS denies her claim. See 28 U.S.C. secs. 1346(a)(1), 1491(a)(1); Weber v. Commissioner, 138 T.C. 348, 366-367 (2012).