T.C. Memo. 2012-87

UNITED STATES TAX COURT

CLAUDE S. THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7669-11L.                    Filed March 26, 2012.

<u>Douglas Bradley Walsh</u>, for petitioner.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment pursuant to Rule 121.[1]  We must decide whether respondent's

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, and Rule references are to the Tax Court Rules of

(continued...)

Appeals Office abused its discretion when it upheld respondent's notice of intent to levy with respect to petitioner's liability for trust fund recovery penalties pursuant to section 6672 for the quarterly periods ending December 31, 2006, through March 31, 2009.

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. At the time he filed his petition, petitioner resided in Mississippi.

On or about February 4, 2010, respondent mailed to petitioner Letter 1153, Trust Funds Recovery Penalty Letter, proposing an assessment of trust fund recovery penalties pursuant to section 6672 against petitioner as an individual required to collect, account for, and pay over employment taxes for Professional Healthcare Associates, Inc. (PHA). The Letter 1153 proposed to collect trust fund recovery penalties from petitioner with respect to PHA's unpaid liabilities for quarterly periods ending December 31, 2006, through March 31, 2009. Petitioner received the Letter 1153 on February 5, 2010, and signed the certified mail receipt. However, petitioner failed to submit a protest to the Appeals Office with respect to

---

[1](...continued)
Practice and Procedure.

the Letter 1153. On April 15, 2010, respondent assessed the trust fund recovery penalties against petitioner and sent notices of balance due.

On June 30, 2010, respondent mailed petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. On July 9, 2010, respondent received petitioner's completed Form 12153, Request for Collection Due Process or Equivalent Hearing. On the Form 12153, petitioner checked the boxes requesting an installment agreement and an offer-in-compromise, and he also checked the "other" box and provided the following explanation: "The entity that has not paid the taxes, * * * [PHA] has filed an Offer in Compromise that is pending. The former president of the entity has also admitted responsibility and is working on sales that would substantially payoff [sic] the liability." In a cover sheet accompanying the Form 12153, petitioner's attorney explained that petitioner was unaware that the president of PHA was not properly withholding employment taxes from PHA's employees.

On September 15, 2010, Settlement Officer Barbara Jordan mailed petitioner a letter notifying him that she had received his Form 12153 and scheduling a telephone conference for October 19, 2010. On September 24, 2010, petitioner called Ms. Jordan and requested a face-to-face hearing for October 20, 2010. He stated that he wanted to challenge the trust fund recovery penalty

assessment because he contended that his business partner was responsible for the liabilities. When Ms. Jordan inquired about his receipt of the Letter 1153, petitioner explained that, although he had received the Letter 1153, his attorney had not timely submitted a formal protest. Ms. Jordan told petitioner that he should consider filing a refund claim and explained how he could do that. Ms. Jordan also advised petitioner during the phone call on September 24, 2010, and in her letter of September 15, 2010, that he needed to file Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, if he wanted the Appeals Office to consider collection alternatives.

On October 19, 2010, Ms. Jordan telephoned petitioner's attorney, who advised her that petitioner did not wish to have the face-to-face hearing on October 20, 2010. Petitioner's attorney discussed the underlying liabilities with Ms. Jordan, and Ms. Jordan advised him that petitioner needed to file a Form 843, Claim for Refund and Request for Abatement, with respect to the underlying liabilities.[2] Ms. Jordan and petitioner's attorney scheduled a telephone conference for November 23, 2010.

---

[2]As the Letter 1153 explains in detail, petitioner would also first need to pay at least some of the tax due.

On November 23, 2010, Ms. Jordan telephoned petitioner's attorney and left a message advising him that she had not received petitioner's Form 433-A. She gave petitioner an extension until December 1, 2010, to file the Form 433-A. On December 1, 2010, petitioner's attorney submitted a Form 656-L, Offer in Compromise (Doubt as to Liability), but he failed to submit the Form 433-A.

Petitioner never submitted a completed Form 433-A, and on February 28, 2011, respondent's Appeals Office mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The notice of determination explained that, although petitioner and his attorney had repeatedly raised the issue of petitioner's underlying liabilities, because petitioner had an earlier opportunity to raise that issue when he received the Letter 1153, he had forfeited his opportunity to contest the underlying liabilities before the Appeals Office. In response, petitioner timely filed his petition in the instant case. In his petition, petitioner continues to dispute his liability for the trust fund recovery penalties, and he contends that his business partner should be responsible for the liabilities.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of

material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). However, the party opposing summary judgment must set forth specific facts that show a genuine issue of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d).

The underlying liabilities in the instant case were assessed under section 6672, which imposes penalties for failure to collect, account for, and pay over income and employment taxes of employees. Those penalties are commonly known as trust fund recovery penalties. Such penalties are assessed and collected in the same manner as taxes against a person who is "an officer or employee of a corporation * * * who as such officer * * * [or] employee * * * is under a duty to perform" the duties referred to in section 6672. Sec. 6671(b). Such persons are referred to as "responsible persons", and the Court of Appeals for the Fifth Circuit, to which this case is appealable, "'generally takes a broad view of who'" qualifies as a "'responsible person under § 6672.'". Mason v. Commissioner, 132 T.C. 301, 323 (2009) (quoting Gustin v. United States, 876 F.2d 485, 491 (5th Cir. 1989)).

See generally Logal v. United States, 195 F.3d 229, 232 (5th Cir. 1999); Barnett v. IRS, 988 F.2d 1449, 1454 (5th Cir. 1993). Any person who qualifies as a responsible person under the statute is liable for the penalty; a right of contribution against other responsible persons exists but must be claimed separate and apart from proceedings to collect the penalty brought by the United States. Sec. 6672(d). The liability of a responsible person pursuant to section 6672 is independent of the employer corporation's duty to pay trust fund taxes. See Cash v. United States, 961 F.2d 562, 565 (5th Cir. 1992).

A taxpayer has the opportunity to dispute his liability for a trust fund recovery penalty when he receives a Letter 1153. Sparkman v. Commissioner, T.C. Memo. 2009-308; McClure v. Commissioner, T.C. Memo. 2008-136. Petitioner acknowledged that he received Letter 1153 and that he failed to submit a protest to respondent's Appeals Office disputing his liability for the trust fund recovery penalties. Accordingly, petitioner is not entitled to dispute his underlying liabilities before the Appeals Office or before this Court. See Lewis v. Commissioner, 128 T.C. 48, 50-51 (2007); Sparkman v. Commissioner, T.C. Memo. 2009-308.

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion. See Sego v. Commissioner, 114 T.C.

604, 610 (2000).  In reviewing for abuse of discretion, we will reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  We have consistently held that it is not an abuse of discretion for the Appeals Office to reject collection alternatives and sustain the proposed collection action on the basis of the taxpayer's failure to submit requested financial information.  See Huntress v. Commissioner, T.C. Memo. 2009-161; Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20.  In doing so, the Appeals Office is following the requirements of section 301.6320-1(e)(1), Proced. & Admin. Regs.  Accordingly, we conclude that it was not an abuse of discretion for the Appeals Office to reject petitioner's collection alternatives and sustain the levy on the basis of petitioner's failure to submit the Form 433-A after repeated requests by Ms. Jordan.  Consequently, we will grant respondent's motion for summary judgment.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.